IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUVENTINO RIOS RESENDIZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TODD M. LYONS, et al., )<br>)<br>Respondents. ) | 1:25-cv-1872 (LMB/WEF) |

ORDER
---

Petitioner Juventino Rios Resendiz ("Resendiz"), an alleged native and citizen of Mexico, has filed a three-count Amended Petition for Writ of Habeas Corpus ("Amended Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since October 20, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); the bond regulations (Count II); and his due process rights (Count III).

Resendiz is currently detained at the Riverside Regional Jail in Prince George, Virginia, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey N. Dillman, the Superintendent of the Riverside Regional Jail.[1] Resendiz has also sued Todd M. Lyons, the Acting Director of ICE; Russell Holt, ICE Washington Field Office's Enforcement and Removal Operations Director; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and

---

[1] Resendiz has also named Jeffrey Crawford, the Warden of the Farmville Detention Center, and Paul Perry, the Superintendent of the Caroline Detention Facility, in the event that Resendiz has been transferred from the Riverside Regional Jail to a detention center. [Dkt. No. 2] at ¶¶ 22–23.

the Department of Homeland Security (collectively "the federal respondents"). For the reasons discussed in this Order, the Court finds that Resendiz is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Amended Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[2]

## I.

According to his Amended Petition, Resendiz "has resided in the United States since he was a 15-year-old minor," which "means he was in the United States since the year 2004 or 2005 (when he most recently entered without admission and inspection)." [Dkt. No. 2] at ¶ 47. He lives with his wife and three U.S. citizen children in Newport News, Virginia and works as a mechanic. Id. ¶¶ 47, 52; [Dkt. No. 4].

According to Supervisory Detention and Deportation Officer James A. Mullan's declaration, which is attached to the federal respondents' opposition, in July 2011, "ICE officers encountered Petitioner after he was arrested by Williamsburg Police Department for the offense of Driving Under the Influence," but "ICE released Petitioner on an Order of Recognizance." [Dkt. No. 7-1] at ¶ 6. On May 12, 2012, Resendiz was detained by ICE during a check-in appointment and issued a Notice to Appear. Id. ¶ 7. He was granted bond on July 6, 2012, and was released upon fulfillment of the bond. Id. Those removal proceedings were dismissed without prejudice on August 10, 2023. Id.

---

[2] Because the Court is granting relief on due process grounds, it need not address Resendiz's arguments based on the INA or the bond regulations. Additionally, although the federal respondents do not address Resendiz's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), the Court finds that Resendiz has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6 (E.D. Va. Sept. 29, 2025).

On October 20, 2025, Resendiz was arrested for and charged with making a false statement in violation of Virginia Code § 18.2-308.2:2 and with attempted gun possession by an unlawful alien in violation of Virginia Code 18.2-308.2:01 for conduct that allegedly occurred in August of 2024. [Dkt. Nos. 12-1 & 12-2]. Resendiz was released on a $5,000 bond, and those charges remain pending. [Dkt. Nos. 12 & 12-3]. On October 21, 2025, ICE encountered Resendiz at the Virginia Peninsula Regional Jail, detained him, and issued him a new Notice to Appear, which charged him with being inadmissible to the United States, and thus subject to removal, under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(B)(i)(II). [Dkt. No. 7-1] at ¶¶ 8–9. ICE subsequently charged Resendiz with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and withdrew the charge of removability under (a)(7)(B)(i)(II). Id. ¶ 10. Resendiz is currently "pursuing the immigration relief EOIR-42B cancellation of removal based on having at least ten years of continuous physical presence, having good moral character for at least the last 10 years, not having any criminal bars, and showing that his U.S. citizen children, the qualifying relatives . . . would suffer exceptional and extremely unusual hardship upon his removal from the United States." [Dkt. No. 1] at ¶ 51. The record before this Court shows that Resendiz has not received an immigration bond hearing since being detained on October 21, 2025. See id. ¶ 53.

Resendiz filed his Amended Petition for Writ of Habeas Corpus on October 26, 2025. [Dkt. No. 2]. This Court subsequently entered an Order requiring that Resendiz not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 3]. On October 29, 2025, Resendiz filed a Proposed Release Plan, which shows a fixed home address in Newport News, Virginia, where he will reside if released. [Dkt. No. 4]. The federal respondents have filed an opposition. [Dkt. No. 7]. Finding that oral argument will not aid the decisional process, the Amended Petition will be resolved on the papers submitted.

II.

The central question posed in Resendiz's Amended Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that Resendiz's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 7] at 5. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 6–9. Therefore, they argue that because Resendiz has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 9.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to

---

[3] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772-

---

WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Resendiz has been present in the United States since 2005. [Dkt. No. 2] at ¶ 47. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Resendiz's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Resendiz's continued detention is unlawful.

### III.

For all the reasons stated above, Resendiz's Amended Petition [Dkt. No. 2] is GRANTED, and it is hereby

ORDERED that Resendiz be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Resendiz must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Resendiz with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Resendiz on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Resendiz is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[4]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Resendiz has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Resendiz favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for November 14, 2025, and close this civil action.

Entered this 10th day of November, 2025.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge

---

[4] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

7